MAS, PLAINTIFF AND APPELLANT, *v.* LLONA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action in Arbitration and Award.

No. 2537.—Decided July 18, 1922.

ARBITRATION AND AWARD—PUBLIC DOCUMENT—INFORMALITIES—WAIVER—OBJECTION.—If certain acts, like the alienation or disposition of property, require formalities to be performed in a deed or a will and documents are presented with something less than these formalities, the person admitting the existence and truth of said informal documents does not waive an objection to their informality.

ID.—ID.—CONSTRUCTION OF LAW.—The Code of Civil Procedure of 1904 did not cover a number of substantive provisions contained in the former Law of Civil Procedure, as well as a number of matters distinctly procedural in their nature. It contains nothing inconsistent with the former provision that arbitral agreements must be reduced to public documents.

The facts are stated in the opinion.
*Mr. F. González* for the appellant.
*Mr. C. Travecier* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

It sufficiently appears from the complaint and the proof that the complainant and the defendant had a difference in regard to some building operations and agreed to submit their differences to two persons from San Juan. These two persons met and agreed upon an award, but the defendant refused to abide by the results of the award and this suit

was the consequence. The District Court of Humacao rendered judgment in favor of the defendant.

The first ground of error concerns a question of pleading. The complaint sets up the arbitration and award and the defendant either admitted the same or did not specifically deny it, and the appellant alleges that he was entitled to a judgment on the pleadings. The theory of this assignment of error apparently is that the defendant thereby admitted the due existence of the arbitration and its proper submission, appellant relying on section 119 of the Code of Civil Procedure. That section, however, is as follows:

"Sec. 119.—When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and the execution of such instruments are deemed admitted, unless the answer denying the same be verified."

The defendant admitted the genuineness and the execution of the instrument by the arbitrators, but did not admit that he gave the arbitrators due authority, and more particularly he did not admit that the document was executed in due form. If certain acts, like the alienation of property or the disposition thereof, require formalities to be performed in a deed or a will and documents are presented with something less than these formalities, the person admitting the existence and the truth of said informal documents does not waive an objection to their informality.

The court, in rendering a decision for the defendant, based its opinion on the fact that the agreement to arbitrate was not reduced to a public document or deed (*escritura pública*). The reasoning of the court was to the effect that no other law being applicable, the provisions of sections 791 and 792 of the old Law of Civil Procedure were applicable. They are as follows:

"Art. 791.—The compromise must necessarily be contained in a

public instrument, and shall be null if prepared in any other manner.

"Art. 792.—The compromise must contain under penalty of nullity:

"1. The names, occupation, and domicile of those who authorize the same.

"2. The names, occupation, and domicile of the arbitrators.

"3. The question to be submitted to arbitration with its attendant circumstances.

"4. The period within which the arbitrators must render a decision.

"5. The stipulation that a fine shall be paid by the party who fails to comply with such parts of the stipulation as are indispensable to carry out the compromise.

"6. The stipulation that another fine shall be paid by any of the parties who may appeal from the decision, to the party who agrees thereto, before such appeal can be heard.

"7. The designation of the place where the proceedings for arbitration must be had.

"8. The date on which the compromise was entered into."

The appellant relies principally on section 1245 of the Civil Code which we transcribe:

"Sec. 1245.—Contracts shall be binding, whatever may be the form in which they may have been executed, provided the essential conditions required for their validity exist."

He maintains that the oral agreement was a contract perfectly binding on the parties and cites various sections of Ruling Case Law to support it. We think we must be governed by the local law in this matter.

Section 1247 of the Civil Code sets up that certain contracts must appear in a public instrument, but the courts, both of Spain and of this Island, have generally held the provisions of that law as relating to the fixing of rights where third persons are concerned and that the contracts enumerated in section 1247 are generally effective between the parties in whatever form they are made and in any event

would give the parties a right to have a public instrument executed.

In the case of an arbitration agreement there is no question of third persons. The case is not without some doubts, but we think it must be settled by the following considerations. Previous to July 1, 1904, the Code of Civil Procedure of Spain prevailed in this Island and among its provisions was a number of matters which were really substantive law and not of procedure. The requirement that a submission to arbitration should be in a public document is in the nature of a substantive law, and not a law, of procedure. We have no doubt that prior to the 1st of July, 1904, there would have been no question that persons who desired to submit their differences to arbitration would have had to do so by means of a public instrument. The words are in very imperative from and were generally so understood by the bench and the bar at the time. The question then arose, did the Code of Civil Procedure of 1904 change the existing state of the law and do away with the substantive provision contained in the former Code of Civil Procedure? The new Code of Civil Procedure of 1904 also contained certain substantive provisions, but it fell far short of covering a number of substantive provisions contained in the former Code of Civil Procedure as well as a number of matters distinctly procedural in their nature. When it came to some of the matters of procedure, this court, directly or by analogy, has applied the former Code of Civil Procedure. The question, however, as we have intimated here, is one of substantive law, which is not in any way inconsistent with the Code of Civil Procedure passed in 1904. Section 361 of that Code says:

"Sec. 361.—All laws, royal decrees, orders and military orders, acts or parts of acts, inconsistent or in conflict with this Code, are hereby repealed."

We find nothing in the Code of Civil Procedure inconsistent with the provision that arbitral agreements must be reduced to a public document. Appellant refers to sections 204 and 211 of the Code of Civil Procedure, but these sections allude to references after a case is once before a court and not to a private agreement to arbitrate.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.